UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

SMARTSOUND SOFTWARE, INC.,

       Plaintiff,

v.

AVID TECHNOLOGY, INC. and PINNACLE
SYSTEMS, INC.

       Defendants.

Case No. 12-CV-00223-bbc

## JOINT PROPOSED DISCOVERY PLAN

On June 18, 2012, the parties, through their respective counsel, met as required by Federal Rule of Civil Procedure Rule 26(f). The parties hereby submit this joint proposed discovery plan:

1.    Nature of the Case.

This case is a patent infringement action involving U.S. Patent Nos. 5,877,445 and 5,693,902. This case involves Plaintiff's claims for direct and indirect infringement, Defendants' affirmative defenses, and Defendants' counterclaims for declaratory judgment of non-infringement and invalidity.

2.    Names of Related Cases.

There are no related cases currently pending.

3.    Statement of Material Facts and Legal Issues to be Resolved at Trial.

The material facts and legal issues to be resolved at trial will be further refined through the discovery process. The parties presently anticipate that the Court or jury will need to resolve the following issues: (1) whether the Defendants have infringed the patents at issue; (2) if the

patents are adjudged to have been infringed, the damages caused by such infringement; and (3) whether the patents at issue are valid and/or enforceable.

    4.    <u>Amendments to the Pleadings</u>.

The parties presently are unaware of a need to amend the pleadings.

    5.    <u>Identity of Any New Parties</u>.

The parties presently are unaware of any new parties that need to be added.

    6.    <u>Proposed Discovery Plan</u>.

(a)    The parties agree to exchange initial disclosures on **Tuesday, July 10, 2012**.

(b)    The Plaintiff shall establish standing to assert the patents on or before **Tuesday, July 10, 2012.**  The Defendants shall respond on or before **Tuesday, July 24, 2012.**

(c)    The parties may amend their pleadings or add parties without motion on or before **Wednesday, August 8, 2012**.  The parties may amend the pleadings thereafter by motion in accordance with Fed. R. Civ. P. 15.

(d)    On **Wednesday, August 29, 2012**, Plaintiff must identify each claim in each patent being asserted against each accused device.  By **Wednesday, October 17, 2012,** Defendants must disclose their contentions of invalidity and unenforceability.

(e)    Not later than **Friday, November 9, 2012**, all parties must exchange each party's list of all terms for which that party intends to request construction by the Court during summary judgment motion practice, along with its proposed constructions.  Not later than **Monday, December 3, 2012**, a party may supplement and amend its disclosures.

(f)    Not later than **Wednesday, December 12, 2012**, disclosure of reliance on advice of counsel.

(g) **Wednesday, December 19, 2012**, the party bearing the burden of proof must disclose liability expert reports. The party not bearing the burden of proof shall respond by **Friday, February 15, 2013.** All disclosures regarding experts shall comply with the requirements of Rule 26(a)(2). Any employee of a party who will be offering expert opinions during any phase of this case must comply with all of these disclosure requirements.

**Plaintiff's Position** – Plaintiffs would like to include the following proposed language:

If requested to do so, the parties shall make opening experts available for deposition before responsive reports are due, or in the alternative, shall extend the date for the responsive report until after the expert is available to be deposed.

**Defendants' Position** – The language Plaintiff proposes to include inserts an unnecessary provision into the scheduling order. The proposed provision raises details relating to witness scheduling that should not be part of a scheduling order. Scheduling orders do not typically provide details relating to when fact witnesses or 30(b)(6) witnesses will be made available, and expert witnesses should not be treated differently. Scheduling details are typically worked out between parties on a case-by-case basis, and to the extent issues cannot be resolved the Federal Rules provide remedies.

(h) **Monday, April 15, 2013** - deadline for filing dispositive motions (*e.g.*, summary judgment motions), which also address claim construction issues.

(i) **Monday, July 8, 2013** - the party that bears the burden of proof shall make damages expert disclosures. Responsive expert disclosures on the issue of damages are due by **Monday, August 12, 2013.** All disclosures regarding experts shall comply with the requirements of Rule 26(a)(2). Any employee of a party who will be offering expert opinions during any phase of this case must comply with all of these disclosure requirements.

4846-7116-0079.1

**Plaintiff's Position** – Plaintiffs would like to include the following proposed language:

If requested to do so, the parties shall make opening experts available for deposition before responsive reports are due, or in the alternative, shall extend the date for the responsive report until after the expert is available to be deposed.

**Defendants' Position** – The language Plaintiff proposes to include inserts an unnecessary provision into the scheduling order. The proposed provision raises details relating to witness scheduling that should not be part of a scheduling order. Scheduling orders do not typically provide details relating to when fact witnesses or 30(b)(6) witnesses will be made available, and expert witnesses should not be treated differently. Scheduling details are typically worked out between parties on a case by case basis, and to the extent issues cannot be resolved the Federal Rules provide remedies.

(j) All discovery in this case must be completed not later than **Monday, September 9, 2013**.

7. Estimated Trial Length.

The parties estimate that the trial will take one week.

8. Request For a Jury.

A trial by jury has been requested on all issues so triable.

9. Requests for Admission:

With the exception of Requests for Admission seeking authenticity of documents, each side is limited to 35 Requests for Admission.

Document Requests:

Each side is limited to 75 document requests, subject to a showing of good cause regarding additional document requests. Additionally, the parties will negotiate a proposed

4

protective order that will enable the parties to protect their confidential information and will submit that proposed order to the Court for proposed entry. That proposed order will include a "clawback" provision relating to the inadvertent production or disclosure of work product, privileged or otherwise protectable communications or information.

11. <u>Interrogatories:</u>

Each side is limited to 30 interrogatories.

12. <u>Depositions:</u>

With the exclusion of depositions of expert witnesses, each side is limited to 10 depositions.

13. <u>The disclosure or discovery of electronically stored information</u>.

The parties agree to meet and confer in good faith regarding the disclosure and discovery of electronically stored information ("ESI") and will continue to make good faith efforts to resolve issues associated with such discovery, including issues associated with the scope, form, and procedure associated with the production of electronically stored information.

Dated: June 21, 2012.

| **QUARLES & BRADY LLP** | **FOLEY & LARDNER LLP** |
|---|---|
| /s/ Johanna M. Wilbert_____ | /s/R. Jan Pirozzolo-Mellowes_____ |
| David R. Cross State Bar No. 1002866 | Naikang Tsao (Wis. Bar No. 1036747) |
| Johanna M. Wilbert State Bar No. 1060853 | FOLEY & LARDNER LLP |
| Quarles & Brady LLP | 150 East Gilman Street |
| 411 East Wisconsin Avenue, Suite 2040 | Madison, Wisconsin 53703 |
| Milwaukee, WI 53202 | Telephone: 608-258-4250 |
| Telephone: 414-277-5495 | Facsimile: 608-258-4258 |
| Fax: 414-978-8669 | Email: ntsao@foley.com |
| E-mail: David.Cross@quarles.com | |
| E-mail: Johanna.Wilbert@quarles.com | R. Jan Pirozzolo-Mellowes (Wis. Bar No. 1063959) |
| | FOLEY & LARDNER LLP |
| | 777 East Wisconsin Avenue |
| | Milwaukee, Wisconsin 53202 |
| | Telephone: 414-297-5717 |
| | Facsimile: 414-297-4900 |
| | Email: jpirozzolo-mellowes@foley.com |

*Attorneys for Defendants and Counterclaim-Plaintiffs, Avid Technology, Inc. and Pinnacle Systems, Inc.*

4846-7116-0079.1